**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN QUINTANILLA,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **5:25-cv-733** |
| | § | |
| **LINCOLN NATIONAL LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Lincoln National Life Insurance Company wrongfully terminated John Quintanilla's long-term disability (LTD) benefits.

## PARTIES

1. Plaintiff John Quintanilla is a resident of San Antonio, Bexar County, Texas.

2. Defendant Lincoln National Life Insurance Company is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3. This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has

jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. §1132(e)(2) as the breach of the obligation to continue to pay LTD benefits to Quintanilla under the group policy occurred in San Antonio, Bexar County, Texas.

## STATEMENT OF FACTS

4. Prior to becoming disabled, Quintanilla worked as a bank sales and service center contact representative for USAA. He began working for USAA in 2017.

5. Quintanilla suffers from a congenital malrotation of his colon. He had abdominal surgeries as an infant, a child, and as an adult. He has experienced multiple hospitalizations for bowel obstruction. Quintanilla has suffered from abdominal pain his whole life, but until recently has been able to work. However, as of June 10, 2023 he could no longer perform his job responsibilities for USAA as a result of increasing abdominal and back pain. After seeing different gastroenterologists he was referred to a surgeon at the UT Health Science Center who suggested that his abdominal pain may be caused by adhesions (internal scar tissue) from previous abdominal surgeries as well as the malrotation of his colon. The UT surgeon performed an exploratory laparoscopy and adhesiolysis (removal of scar tissue) on August 15, 2023. Unfortunately, the procedure did not improve Quintanilla's severe abdominal pain.

6. By virtue of his employment with USAA, Quintanilla had both short-term (STD) and long-term disability (LTD) benefits. Lincoln administers STD benefit claims under an administrative services agreement with USAA. LTD benefits are both administered and underwritten by Lincoln. Since he was not able to continue working after June 10, 2023, Quintanilla submitted a claim to Lincoln for STD benefits. Lincoln initially approved his claim. Then, in August 2023, Lincoln terminated his STD benefits. Quintanilla appealed. Lincoln overturned its denial of STD benefits and then paid STD benefits for the maximum period of 180 days, until December 8, 2023. Since Quintanilla's chronic abdominal pain had increased rather than improved, and by this time Quintanilla was suffering from severe lower back pain as well, he could not return to work in December 2023. Lincoln reviewed his claim for LTD benefits, which would begin December 9, 2023, 180 days after Quintanilla's disability began.

7. Quintanilla had an MRI of his lumbar spine on January 12, 2024, which showed multilevel degenerative disc disease, including an annular tear at L4-5 that encroached upon the nerve root.

8. Despite the fact that Quintanilla's pain remained at an 8 out of 10 level as of December 10th, 2023 and thereafter, Lincoln denied his claim for LTD benefits. Quintanilla appealed. The Lincoln representative handling the appeal sent the medical file to a medical consultant in March of 2024, who concluded that Quintanilla was unable to work due to disabling pain. The expert hired by Lincoln wrote as follows:

> "The claimant has intestinal malrotation, resulting in chronic abdominal pain. He has had surgeries to have it repaired, however he continues to have the pain post surgery. Additionally, the claimant has chronic pain syndrome. Documentation that was provided...dated 12/13/23 states the claimant still had 8/10 back and abdominal pain. He has tried PT for more than 6 weeks and it did not help. He has neuropathic pain, muscle spasms, and his mood and energy are affected. He was recommended a lumbar MRI and to do a hypogastric plexus block for abdominal pain. The MRI revealed multilevel degenerative disc disease.
>
> As such, at this point he is unable to work due to his disabling chronic pain, in both the abdomen and the back....."

9. As a result of this report. the Lincoln appeals specialist overturned the denial of LTD benefits. Shortly thereafter, Lincoln sent a letter to Quintanilla advising him that due to his medical condition he should apply to the Social Security Administration for disability benefits (Social Security disability income benefits would reduce Lincoln's monthly payment obligation, as they are an offset to disability benefits under the group disability policy). Also in March of 2024, the Lincoln adjustor sent an email to a person within the USAA leave and accommodations department advising that Quintanilla had been approved for LTD benefits by Lincoln from 12/9/2023 to 12/8/2025 (the 24 month "own occupation" period).[1]

10. Unfortunately, this is not the end of the story. For no good reason, (since the level of Quintanilla's pain had increased), Lincoln reversed its prior decision to approve benefits until December 2025 and terminated Quintanilla's

[1] Like most group disability policies, the definition of disability is an "own occupation" definition (one's occupation before becoming disabled) for the first 24 months of LTD benefits and then it changes to an "any occupation" definition of disability.

LTD benefits as of September 21, 2024. Quintanilla timely appealed, testifying that his abdominal pain had become increasingly severe and debilitating, and pointing out that his recent medical records confirmed the following:

> "*Continued Unrelenting Abdominal Pain*: Despite ongoing treatment, including medications like colestipol, hyoscyamine sulfate, amitriptyline, chlorthalidone, losartan, and metoprolol, my abdominal pain persists.
> *Continued Malrotation of the colon*: This congenital condition contributes to my chronic pain and further complicates my ability to manage my symptoms.
> *History of multiple abdominal surgeries*: I have undergone numerous surgeries, including an appendectomy, intestine correction surgery, colon blockage surgery, and a cholecystectomy. These procedures highlight the complexity and severity of my condition."

11. Despite this evidence, and despite its prior approval of LTD benefits until December 8, 2025, Lincoln upheld its termination of LTD benefits as of September 21, 2024. Lincoln sent out its final adverse benefit determination in a letter dated January 28, 2025. In the final denial, Lincoln notified Quintanilla that he had exhausted his rights of administrative appeal and his claim was closed.

**Exhaustion of Appeal Requirements**

12. Quintanilla exhausted the administrative appeal requirements of ERISA and the Lincoln LTD group policy and therefore has the right to bring this action.

**The Decision to Terminate Quintanilla's LTD Benefits Was Contrary to the Preponderance of the Evidence and Also Was an Abuse of Discretion**

13. Even if there is language in the policy or plan-related documents that is interpreted to grant Lincoln discretion to make benefit determinations under the group LTD policy, these discretionary provisions are unenforceable as to Quintanilla's claim for continued LTD benefits because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas. Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203. This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

14. The preponderance of the evidence shows that Quintanilla remained unable to perform his prior occupation, and for that matter any full-time occupation, as of September 21, 2024 and thereafter. He is entitled to continued LTD benefits as of September 21, 2024 and thereafter.

15. In the unlikely event that Lincoln is found to have retained its discretionary authority so that this matter is reviewed under an abuse of discretion standard of review, Lincoln abused its discretion in terminating Quintanilla's LTD benefits.

16. Lincoln's decision to terminate Quintanilla's LTD benefits beyond September 20, 2024 resulted in Lincoln saving money, as Lincoln is both the decision-maker and the underwriter of LTD benefits. As a result, Lincoln acted under a conflict of interest when it terminated Quintanilla's LTD benefits. If abuse of discretion is determined to be the proper standard of review, this conflict of

interest should be considered as a factor by this Court in determining whether Lincoln abused its discretion in terminating Quintanilla's LTD benefits.

## CAUSE OF ACTION

### Claim for LTD Benefits from September 21, 2024 And Thereafter Under 29 U.S.C. §1132(a)(1)(B) of ERISA

17. Quintanilla seeks to recover LTD benefits from September 21, 2024 to the present (and so long as this case is pending), under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA. Since he remains disabled as that term is defined within the LTD policy, Quintanilla is entitled to LTD benefits and Lincoln is obligated to pay those benefits under the LTD group policy.

## RELIEF REQUESTED

18. Lincoln owes Quintanilla $2,684.23 per month under the group policy beginning September 21, 2024. As of September 21, 2025, Quintanilla is entitled to the sum of $32,210.76 in back benefits ($2,684.23 x 12 months). Quintanilla requests these back benefits as well as additional monthly benefits that accrue after September 21, 2025 but during the pendency of this litigation at the rate of $2,684.23 per month.

## ATTORNEY'S FEES

19. Quintanilla requests his attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Quintanilla requests back LTD benefits in the amount of $32,210.76, plus monthly disability benefits that accrue after September 21, 2025 but while this case is pending at the rate of $2,684.23 per month. He also requests his attorney's fees, pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas 78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By: *__/s/ Jeffrey E. Dahl__*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff John Quintanilla**