**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN QUINTANILLA,** <br> **Plaintiff,** <br> **vs.** <br> **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** <br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Case No. 5:25-CV-00733** |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this, Original Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff John Quintanilla ("Plaintiff"), and states as follows:

Lincoln admits that Plaintiff received, at certain times, benefits from the USAA Employee Benefit Long Term Disability Plan (the "LTD Plan"). Lincoln further admits only that its decisions on Plaintiff's claim for long-term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Group Disability Income Policy No. GF3-890-419734-01 (the "Policy") issued by Lincoln to USAA. Lincoln denies all remaining allegations contained in the introductory Paragraph of the Complaint.

**PARTIES**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Lincoln admits that venue is proper in this District and Division. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## STATEMENT OF FACTS

4. Lincoln admits Plaintiff was, at certain times, employed by USAA as a Bank Sales and Service Contact Center Representative and was a participant in the LTD Plan sponsored by USAA. Lincoln admits that benefits from the LTD Plan were, at certain times, insured by the Policy issued by Lincoln to USAA. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff's last day of work at USAA was June 10, 2023. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that Plaintiff's last day of work at USAA was June 10, 2023. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the USAA Employee Benefit Short Term Disability Plan (the "STD Plan"). Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln admits that the STD Plan was self-funded by USAA and that, at certain times, Lincoln provided certain services pertaining to claims for benefits from the STD Plan under the terms of a contract between USAA and Lincoln. Lincoln admits that it issued the Policy to USAA, which

Policy, at certain times, insured benefits paid by the LTD Plan and that Lincoln was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the STD Plan or the LTD Plan. To the extent that the allegations contained in Paragraph 6 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits it sent a letter dated January 24, 2024, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, and Lincoln refers to the documents themselves as the best evidence of their contents. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits it sent letters to Plaintiff dated March 14, 2024, and March 20, 2024, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that it sent email correspondence to USAA on March 14, 2024, and Lincoln refers to the email correspondence itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits it sent a letter dated September 20, 2024, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it received a letter from Plaintiff dated October 28, 2024, along with additional documentation, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, and Lincoln refers to the documents themselves as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff dated January 28, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. To the extent that Paragraph 13 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. To the extent that Paragraph 14 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. To the extent that Paragraph 15 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that benefits from the LTD Plan were, at certain times, insured by the Policy issued by Lincoln to USAA. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

## CAUSES OF ACTION

17. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

## RELIEF REQUESTED

18. To the extent that the allegations contained in Paragraph 18 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best

evidence of their contents. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

## ATTORNEY'S FEES

19. Lincoln admits that by this action, Plaintiff is seeking recovery of attorneys' fees and costs, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

Lincoln denies all allegations contained in the Prayer of the Complaint, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke this standard of review.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other income or benefits received by Plaintiff, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated: August 25, 2025.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

**BY:** /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
Email: iwana@rademaekerslaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Jeffrey E. Dahl, Esq.
Email: jdahl@erisaattorneyintexas.com

August 25, 2025 — Date

/s/ Iwana Rademaekers — Iwana Rademaekers