**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN QUINTANILLA,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **5:25-cv-733 JKP** |
| | § | |
| **LINCOLN NATIONAL LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant** | § | |

---

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

---

1. **Are there any outstanding jurisdictional issues?**

None.

a. **For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

N/A.

b. **For cases based on diversity jurisdiction, have all parties filed a disclosure statement as required by Rule 7.1(a)(2) naming and identifying the citizenship of every individual or entity whose citizenship is attributed to each party? If not, disclose that information here. This means LLCs and LPs must disclose the names of their members/partners and the citizenship of each member/partner.**

N/A.

**2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

**3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

This is a dispute over long-term disability (LTD) benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). In Plaintiff John Quintanilla's Original Complaint (Doc. 1), he asserts an ERISA claim against Defendant Lincoln National Life Insurance Company for the allegedly wrongful termination of his LTD benefits, and he seeks monetary damages, pre- and post-judgment interest, and attorney's fees. In Defendant's Original Answer (Doc. 4), Lincoln denies all liability to Plaintiff and asserts it is entitled to recover its reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 1132(g).

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

- Defendant terminated Plaintiff's LTD benefits as of September 21, 2024.
- Plaintiff timely appealed Defendant's decision to terminate his LTD benefits.
- On administrative appeal, and by letter dated January 28, 2025, Defendant determined that the initial decision was correct.
- Plaintiff has exhausted his administrative remedies.

**5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

Since this is an ERISA matter, the Parties agree that the Court's review is limited to the administrative record at the time that Lincoln decided the Plaintiff's appeal. As such, after Lincoln produces the administrative record to Plaintiff, the Parties do not anticipate any discovery beyond the administrative record.

**6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

Since this is an ERISA matter, the Parties agree that the Court's review is limited to the administrative record at the time Lincoln made its final decision. As such, after Lincoln produces the administrative record to Plaintiff, the Parties do not anticipate any discovery beyond the administrative record. Once the Parties agree on the contents of the administrative record, the Parties respectfully submit that they should brief the issues for the Court. After the briefing is closed, the Parties agree that the Court can decide this matter based on the Parties' written submissions and the contents of the administrative record pursuant to FED. R. CIV. P. 52. No "trial" in the traditional sense is warranted, but if the Court requests arguments from

counsel regarding their respective positions, the Parties believe that 1 hour per side will be sufficient.

**7. What, if any, discovery disputes exist?**

None.

**8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties agree to work together on any inadvertent disclosure of privileged materials, and the assertion of privilege to any documents or information subject to attorney-client privilege or work product. The Parties do not anticipate any issues that would necessitate submission of a proposed order regarding FED. R. EVID. 502.

**9. Have the parties discussed mediation?**

The Parties discussed engaging in early settlement discussions between counsel in an effort to promptly resolve this dispute. If those efforts are unsuccessful, the Parties agree that mediation before a mutually agreed-upon mediator may be beneficial.

By: *_/s/ Jeffrey E. Dahl_*
Jeffrey E. Dahl
Texas State Bar No. 05310900

The Law Office of Jefrey E. Dahl
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, TX 78205
(210) 527-0900
(210) 527-0901 – fax

ATTORNEY FOR PLAINTFF
JOHN QUINTANILLA

By: *_/s/ Iwana Rademaekers_*
Iwana Rademaekers
Texas State Bar No. 16452560

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

ATTORNEYS FOR DEFENDANT
LINCOLN NATIONAL LIFE
INSURANCE COMPANY